IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00107-MR-WCM

| | |
|---|---|
| GERALD R. LASCHOBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| AARON C. AMMONS and JOSHUA ) | |
| FREEMAN, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendant Aaron Ammons' Motion to Dismiss [Doc. 2]; the Defendant Joshua Freeman's Motion to Dismiss [Doc. 6]; the Magistrate Judge's Memorandum and Recommendation [Doc. 15] regarding the disposition of those motions; and the Plaintiff's "Motion to Amend Complaint and Response to the Honorable United States Magistrate Judge W. Carleton Metcalf's Memorandum and Recommendation" [Doc. 16].

I. **BACKGROUND**

The *pro se* Plaintiff initiated this action in the District Court of Swain County on March 16, 2021, asserting claims against the Defendants Aaron C. Ammons ("Ammons") and Joshua Freeman ("Freeman") arising from a

traffic stop on March 17, 2021. [Doc. 1-1 at 3-6]. The Defendants subsequently removed the case to this Court on April 16, 2021. [Doc. 1].

Thereafter, both Defendants moved to dismiss the Plaintiff's Complaint. [Docs. 2, 6]. The Plaintiff responded to the motions to dismiss. [Docs. 11, 12]. Additionally, the Plaintiff filed a "Motion to Deny Dismissal by Defendant and Memorandum in Support of Denial," which appears to present additional arguments in support of his opposition to the Defendants' motions to dismiss. [Doc. 9].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motions and to submit a recommendation for their disposition. On October 29, 2021, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendants' motions be granted in part and denied in part. [Doc. 15]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. The Clerk of Court mailed the Memorandum and Recommendation to the *pro se* Plaintiff on November 1, 2021. On November 17, 2021, the Plaintiff filed his "Motion to Amend Complaint and Response to the . . . Memorandum and Recommendation."

[Doc. 16]. Defendant Ammons responded to the Plaintiff's Motion on December 1, 2021. [Doc. 17]. The Plaintiff filed a Reply on December 8, 2021. [Doc. 18]. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff has filed what purports to be a "response" to the Magistrate Judge's Memorandum and Recommendation.[1] The Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, the Plaintiff simply requests that the dismissal of his claims pursuant to 42 U.S.C. § 1985 be without prejudice so that he may reassert these claims after he has had an opportunity to conduct discovery. [Doc. 16 at 1].

With respect to the Plaintiff's § 1985 claim, the Magistrate Judge concluded that the Plaintiff had made only conclusory allegations regarding a purported conspiracy and had not made any allegation regarding discriminatory animus. [Doc. 15 at 20]. The Court finds no error in the Magistrate Judge's conclusion in this regard. The Plaintiff is not entitled to conduct a fishing expedition during the course of discovery in the hopes of salvaging a conclusory claim. The Plaintiff's objection to the dismissal of his § 1985 claim with prejudice, therefore, is overruled.

---

[1] In his Response to the Plaintiff's Motion to Amend, Defendant Ammons asserts that the Plaintiff's objections were due on November 12, 2021. [Doc. 17 at 2]. The docket of this case, however, indicates that the Memorandum and Recommendation was entered on October 29, 2021, but was not mailed to the Plaintiff until November 1, 2021. With three days added for service, see Fed. R. Civ. P. 6(d), the Plaintiff's objections were due no later than November 18, 2021.

4

The Plaintiff further requests that his Complaint "be amended to include in its entirety" the "Motion to Deny Dismissal" [Doc. 9] that he previously filed in opposition to the Defendants' motions to dismiss. The Plaintiff's request for leave to amend his Complaint is denied. The Plaintiff had twenty-one days from the filing of the Defendants' Motions to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendants in their motions. See Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend his Complaint within the time required. Having failed to amend his complaint and to address the deficiencies identified by the Defendants, the Plaintiff left the Court with no option but to address the Defendants' motions on their merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend his Complaint. See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the

pleading stage.[2] Accordingly, the Plaintiff's request to amend his Complaint is denied.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court overrules the Plaintiff's Objections as stated in his Response, denies the Plaintiff's Motion to Amend, and accepts the Magistrate Judge's recommendation that the Defendants' Motions to Dismiss be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Amend Complaint [Doc. 16] is **DENIED**; the Plaintiff's Objections as set forth in his "Response to the . . . Memorandum and Recommendation" [Doc. 16] are **OVERRULED**; and the Magistrate Judge's Memorandum and Recommendation [Doc. 15] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant Aaron Ammons' Motion to Dismiss [Doc. 2] is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[2] Even if the Court were to entertain the Plaintiff's motion to amend, the Plaintiff has not submitted a proposed Amended Complaint. Instead, he proposes incorporating the substance of his "Motion to Deny Dismissal" into his original Complaint. Such piecemeal amendments of pleadings are not permitted.

6

Case 1:21-cv-00107-MR-WCM    Document 19    Filed 03/18/22    Page 6 of 8

(1) The Motion is **GRANTED** with respect to the Plaintiff's claims against Ammons in his official capacity pursuant to 42 U.S.C. § 1983, his claim against Ammons pursuant to 42 U.S.C. § 1985, and his claim for assault and battery against Ammons in his official capacity under North Carolina law, and such claims are **DISMISSED WITH PREJUDICE**;

(2) The Motion is **DENIED** with respect to the Plaintiff's claims against Ammons in his individual capacity pursuant to § 1983 and for assault and battery under North Carolina law.

**IT IS FURTHER ORDERED** that Defendant Joshua Freeman's Motion to Dismiss [Doc. 6] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion is **GRANTED** with respect to the Plaintiff's claim pursuant to 42 U.S.C. § 1985 against Freeman, and such claim is **DISMISSED WITH PREJUDICE**;

(2) The Motion is **DENIED** with respect to the Plaintiff's claims against Freeman in his individual and official capacities pursuant to 42 U.S.C. § 1983 and his assault and battery claim against Freeman in his individual and official capacities under North Carolina law

7

**IT IS SO ORDERED.**

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge