IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00107-MR-WCM

| | |
|---|---|
| GERALD R. LASCHOBER, </br></br>    Plaintiff, </br></br>v. </br></br>AARON C. AMMONS, </br>JOSHUA FREEMAN </br></br>    Defendants. | ORDER |

This matter is before the court on a Renewed Joint Motion for Extension of Time to Complete Mediation filed by Defendant Ammons (the "Renewed Motion to Extend," Doc. 32) and a Joint Motion to Excuse Attendance of Individual Defendants from Mediation filed by Defendants (the "Motion to Excuse," Doc. 33).

I. Background

On March 16, 2021, Plaintiff, proceeding *pro se*, filed a complaint in the District Court of Swain County against Defendants Aaron C. Ammons ("Ammons") and Joshua Freeman ("Freeman"). Doc. 1-1 at 3-6. The case was subsequently removed to this court on April 16, 2021. Doc. 1.

Thereafter, both Defendants filed Motions to Dismiss. Docs. 2, 6. Following the resolution of those Motions, Plaintiff indicated his desire to

1

participate in this district's Pro Se Settlement Assistance Program ("Program"). Docs. 19, 23.

On May 12, 2022, Clark D. Tew was appointed as Program Counsel for Plaintiff. Doc. 25. The May 12 Order also required the parties to designate a mediator within fourteen (14) days and to conduct mediation within sixty (60) days. Id.

On May 26, the parties filed a "Joint Response to Court Order" requesting that the "Court appoint a magistrate judge to host a judicial settlement conference in lieu of a private mediation." Doc. 26. That request was denied on June 6, 2022. Doc. 27. The docket, however, does not indicate that the parties then designated a mediator.

On July 11, 2022 (the deadline set out in the May 12 Order to complete mediation), Ammons filed a motion requesting a sixty-day extension of time, through September 12, 2022, to complete mediation under the Program. Doc. 28. That Motion was denied, and the parties were directed to file a renewed motion explaining why mediation had not been conducted, why the parties needed additional time, and identifying the person the parties had selected as their mediator. Doc. 29.

The parties did not timely file a renewed motion and therefore, on July 29, 2022, the undersigned issued an order directing the parties to show cause why the referral of this matter to the Program should not be terminated. Doc.

2

30. Later that day, Ammons filed a Designation of Mediator on behalf of all parties. Doc. 31. Additionally, Ammons filed the Renewed Motion to Extend, and Defendants filed the Motion to Excuse. Docs. 32, 33.

## II.  Discussion

### A. Renewed Motion to Extend

In the Renewed Motion to Extend, Ammons requests that the deadline to conduct mediation be extended through and including September 13, 2022. Doc. 32 at 1. Ammons represents that the parties have agreed to a mediator and have scheduled mediation to take place on September 13, 2022, and that the other parties consent to the requested extension. Doc. 32.

As a mediator has now been selected and mediation has been scheduled for a date certain, the undersigned will allow the Renewed Motion to Extend and will discharge the show cause order issued on July 29. The parties are advised, however, that no further extensions of the mediation deadline will be allowed absent extraordinary circumstances.

### B. Motion to Excuse

In the Motion to Excuse, Defendants request that they be excused from personally attending the September 13 mediation. Defendants state that a representative of the State of North Carolina with settlement authority will attend the mediation for Ammons, and that a representative from the "insurance company with settlement authority" will attend the mediation for

3

Freeman. Doc. 33 at 1-2. Defendants additionally represent that Program Counsel for Plaintiff has consented to the request. Id. at 5.

While Defendants' representatives may have the authority to negotiate and enter a binding settlement on behalf of Defendants, as parties to the case Defendants themselves have a vested interest in this matter.

Further, the undersigned acknowledges Defendants' concern that "given the allegations involved in this matter, the Parties question whether the individual Defendants' appearance at mediation will upset Plaintiff, hindering any potential settlement." Doc. 33 at 5. However, as this case is in its early stages, no court-enforceable discovery has been conducted, and Defendants are both alleged to have personally participated in the events alleged in Plaintiff's Complaint, Defendants' participation may contribute to the productivity of the settlement discussions.

Accordingly, the undersigned will deny the Motion to Excuse, though will leave decisions about the manner in which Defendants participate in mediation – including whether Defendants participate in the entire session and/or whether they appear in person or remotely – to the discretion of the mediator.

4

Case 1:21-cv-00107-MR-WCM   Document 34   Filed 08/03/22   Page 4 of 5

**IT IS THEREFORE ORDERED**:

1. That the Renewed Joint Motion for Extension of Time to Complete Mediation (Doc. 32) is **GRANTED**, the deadline for the parties to participate in a settlement conference pursuant to the Program is **EXTENDED** through and including September 13, 2022, and the July 29, 2022 show cause order (Doc. 30) is **DISCHARGED**.

2. That the Joint Motion to Excuse Attendance of Individual Defendants from Mediation (Doc. 33) is **DENIED**.

Signed: August 3, 2022

W. Carleton Metcalf
United States Magistrate Judge